

04-CV-00289-RPLY

RECEIVED
APR 0 5 2004
LANE POWELL SPEARS LUBERSKY LLP
TIME _____ ATTY _____

FILED _____ ENTERED
LODGED _____ RECEIVED

APR 0 5 2004 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Honorable Marsha Pechman

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| SKY MORTGAGE, INC., a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SKY BANK, INC., a Washington corporation; SCOTT RERUCHA; TONY ICASIANO, and JEFFERY LOW, individuals <br><br> Defendants. | No. CO4 0289 P <br><br> **REPLY OF DEFENDANTS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> **NOTE ON MOTION CALENDAR: 04/09.04** <br><br> **ORAL ARGUMENT REQUESTED** |

Sky Mortgage offers insufficient evidence to support the injunctive relief it seeks.

Sky Mortgage substitutes anxiety for analysis. It substitutes emotion for evidence. Sky

Mortgage fails to recognize the clear and obvious distinction between an entity

describing itself as a "bank" and an entity describing itself as a "mortgage" provider.

Sky Mortgage fails to take into account that it has, and indeed claims, no

ownership interest in the word "Sky" standing alone. Sky Mortgage also fails to take

into account the numerous examples in the Seattle Metropolitan and Eastside King

REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 1
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

# ORIGINAL

1 County areas where banks and mortgage companies have the same fanciful lead name,

2 i.e., Cascade, City, Columbia, Sterling, Evergreen, Horizon, United and Viking. All of

3 these fanciful names precede the names of both banks and mortgage companies listed

4 in the yellow pages for the Seattle Metropolitan and Bellevue Eastside. Other similar

5 fanciful names are found on banks and mortgage companies in Western Washington

6 and in Portland.

7 　　　Sky Bank, for evidence of "actual confusion", relies upon a very few instances

8 where hearsay or unfounded instances of actual confusion are claimed to have

9 occurred. However, in each case, the few instances occurred at a time with Sky Bank

10 did not have an official state charter, had no advertising, no signs, no location under its

11 name, no telephone listings and no address, and had not been engaged in business.

12 Under those peculiar circumstances, the few instances relied on by Sky Mortgage do

13 not support its claim of the existence of actual confusion.

14 　　　In short, with an unlimited amount of time to gather evidence and prepare for this

15 motion, Sky Mortgage has submitted nothing of substance to support its claim of

16 confusion or potential confusion. On the other and, Sky Bank in the three weeks

17 allowed it to respond, provides creditable expert testimony establishing an absence of

18 risk of confusion in the marketplace. Sky Bank presents the expert testimony of Mr.

19 James Hebert, president and owner of Hebert Research,. Inc., Bellevue, Washington, a

20 well-known and long established market research company, demonstrating that the risk

21 in the appropriate marketplace was thoroughly studied under professional, statistical

22 and marketing analysis standards, and concluding that the risk of confusion is virtually

REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 2
\\server1\FJHC\Pld\Sky Bank\brief.doc 4/6/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  |  nil. Erik V. Peterson has been in the advertising, marketing, and public relations

2  |  business for more than 35 years. He has owned an advertising and marketing agency,

3  |  has been employed by advertising and marketing agencies and currently is self-

4  |  employed conducting a public relations and marketing consulting business in King

5  |  County, Washington. Mr. Peterson has examined all of the factual background and

6  |  information claimed by Sky Mortgage to create a risk of confusion and finds it wanting,

7  |  concluding that the risk of confusion in the appropriate marketplace is slight.

8  |  Scott Rerucha testifies that he is the President and CEO of the corporation

9  |  formed to establish Sky Bank. Mr. Rerucha testifies to his many years in the

10 |  commercial banking and the residential mortgage loan lending business in this area.

11 |  Mr. Rerucha testifies that based on his experience, he sees no risk of confusion in the

12 |  public between the services offered under the name "Sky Bank" and those offered

13 |  under the name "Sky Mortgage".

14 |  **SUMMARY OF FACTS**

15 |  What follows is a summary of each declaration submitted by Sky Bank in

16 |  response to the Sky Mortgage motion for summary judgment:

17 |  1.    James Hebert Declaration: Mr. Hebert is employed as president and CEO

18 |  of Hebert Research, Inc., Bellevue, Washington. Hebert Research has been in

19 |  business for over 25 years and is a privately held market research firm engaged in

20 |  providing statistical research to a wide range of organizations. Included in that research

21 |  is marketing research. Hebert Research has performed services for many large

22 |  corporations, including some large and small local banks. Mr. Hebert has qualified as

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE** 3
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  an expert witness in the United States District Court for the Western District of

2  Washington.

3      Following well-recognized statistical sampling and marketing analysis standards,

4  which Mr. Hebert outlines in his declaration and summarizes in his report attached to his

5  Declaration, Hebert Research, Inc., performed a statistically appropriate and meaningful

6  survey of the appropriate "universe" or population to be sampled (consisting of 39,000

7  households in the census tracts in Bellevue, Washington) by randomly selecting from

8  that census population approximately 4,000 households. From that selection, Hebert

9  Research, Inc. further reduced the core to be contacted to approximately 400

10 households. From that core, Hebert Research, Inc. successfully contacted 55% of the

11 selected universe at random and conducted a survey questionnaire of slightly in excess

12 of 200 of those randomly selected members of the population.

13     Mr. Hebert testifies that the results of his study, performed to all appropriate

14 marketing survey standards and statistical standards, showed that the risk of confusion

15 between persons seeking residential mortgage loans from the names "Sky Bank" and

16 "Sky Mortgage" is so minimal as to be "nil".

17     2.    Erik V. Peterson Declaration: For more than 35 years, Erik V. Peterson,

18 has engaged in the communication and marketing support business as a public

19 relations counselor and public relations agency owner in the Northwest, California, and

20 Alaska. He has led a number of public relations agencies and currently is the sole

21 proprietor, with his wife, of a public relations and marketing consulting firm in King

22

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 4**
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  County.  Mr. Peterson has had extensive advertising and marketing experience in the

2  State of Washington.

3       Mr. Peterson compared the proposed logo of Sky Bank to the logo used by Sky

4  Mortgage, and found (as appears obvious to the lay person) no risk of confusion. Each

5  mark is easily distinguishable from the other.  The logos are attached to the Declaration

6  of Mr. Peterson.  Mr. Peterson reviewed the yellow page listing for "Banks" and for "Real

7  Estate Loan & Contracts" under the Seattle Metropolitan and Bellevue Eastside Q-West

8  yellow pages.  He found that there were a significant number of examples of fanciful

9  names used by both banks and mortgage companies listed in the yellow pages, in many

10 cases listed back-to-back in the "Real Estate Loans & Contracts" section.  Mr. Peterson

11 cites as examples, among others, Cascade Bank/Cascade Mortgage, City Bank/City

12 Mortgage, Columbia Bank/Columbia Mortgage, Evergreen Bank/Evergreen

13 Moneysource Mortgage Company, Horizon Bank/Horizon Mortgage & Investment

14 Company, Pacific Northwest Bank/Pacific Northwest Capital/Pacific Northwest

15 Mortgage Services, Mount Rainier National Bank/Rainier Mortgage Investment

16 Corporation/Rainier Mortgage, Sterling Savings Bank/Sterling Mortgage, United Savings

17 & Loan Bank/United Mortgage, Viking Community Bank/Viking Mortgage Services, Inc.

18 Mr. Peterson also knows other examples of same fanciful names for banks and

19 mortgage services in other areas in the Puget Sound region and in Portland.  Mr.

20 Peterson notes the obvious; that is, Sky Mortgage and Sky Bank have different

21 "identifiers" attached to the word "Sky".  These identifiers clearly distinguish the two

22 types of business and clearly identify the areas of focus or expertise of each.  Mr.

REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 5
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  Peterson also states the obvious in regard to the fact that when formed, Sky Bank and

2  Sky Mortgage will have different addresses, different telephone numbers, and different

3  logos.

4       Mr. Peterson viewed the Kevin MacPherson Declaration submitted by Sky

5  Mortgage and notes that at paragraph 9, Mr. MacPherson states that the Sky Mortgage

6  business is generated equally from "leads from real estate agents," and from "existing

7  and former customers".  Peterson testified that given this very personal source of

8  business and given the fact that Sky Mortgage does not advertise in the yellow pages

9  other than the standard one-line listing (with no prominence given to it, and no color or

10 increased size) and given the fact that Sky Mortgage is located on the fourth floor of a

11 downtown Bellevue office building, the risk of confusion in the customers likely to use

12 the services of Sky Mortgage and those members of the public likely to use Sky Bank, is

13 non-existent.

14      Mr. Peterson comments on the claims of "actual confusion".  He observes that at

15 the time of the claimed confusion, Sky Bank did not have an office, did not have a sign,

16 did not have advertising, did not have an address, did not have a telephone listing, and

17 did not have business cards or other indica of its identity and location.  Mr. Peterson

18 concludes that when Sky Bank is able to conduct business, and further distinguish itself

19 in the marketplace, the likelihood of confusion with people communicating with or

20 contacting either of the two entities is extremely slim.

21      Peterson observes that the people seeking residential mortgage loans are

22 generally sophisticated enough to be able to distinguish between the many services

**REPLY OF DEFENDANTS TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**
**PAGE** 6
\\server1\F\JHC\Pkl\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1    provided by a commercial bank such as Sky Bank, and those provided by a residential

2    mortgage specialist such as Sky Mortgage.   Peterson observes that there are 176

3    listed names on an internet search he conducted with the word "Sky" as part of the

4    business name.  While Sky may be fanciful, it is  not so absolutely  unique as to mislead

5    a potential customer into thinking there can be only one business in the area with the

6    word "Sky" in it.

7    3.    Declaration of Scott Rerucha:  Scott Rerucha is president and majority

8    shareholder of Fortune Services, Inc., a Washington corporation formed to obtain a

9    license from the State Department of Financial Institutions to form Sky Bank.  Mr.

10   Rerucha testifies that he was completely unaware of Sky Mortgage at the time he

11   selected the name and submitted the applications to the State and Federal authorities

12   for incorporation and licensing of a bank in the State of Washington under the name and

13   style of "Sky Bank".  He testifies that he did not learn of the existence of Sky Mortgage,

14   notwithstanding his many years of mortgage lending activities in this area, until some

15   months after he had made submissions to the federal and state government for

16   licensing under the name "Sky Bank".  Rerucha testifies that he has been in the

17   commercial banking and the savings and loan business and the residential lending

18   brokerage business for over 15 years in the State of Washington and that in the last 2

19   years, he was actively engaged in the residential loan business in King County.

20        Mr. Rerucha testifies that the breadth of services to be offered by Sky Bank as a

21   commercial bank exceeds by many  magnitudes the limited niche services offered by

22   Sky Mortgage. Sky Mortgage is unable to offer checking accounts, savings accounts,

---

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE** 7
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA  98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  safe deposit boxes, auto loans, credit lines, credit cards, commercial loans, inventory

2  financing, accounts receivable financing, letters of credit, and the myriad of services that

3  commercial banks are allowed to offer under current law. To the contrary, Sky

4  Mortgage is allowed to do one thing only, and that is act as a go-between between

5  prospective residential borrowers and sources of funds to help them complete a loan

6  transaction. While Sky Bank does, indeed, intend to engage in residential mortgage

7  lending as a part of its banking activity, unlike Sky Mortgage it will generally do so using

8  its own funds (therefore originating the loans in its office rather than simply acting as its

9  broker). Only in isolated cases, will Sky Bank act in the capacity of a broker.

10    Mr. Rerucha testifies to his experience as showing that the likelihood of customer

11  confusion over the serves offered by a commercial bank such as Sky Bank and those

12  offered by a mortgage brokerage, are non-existent. Mr. Rerucha also comments on the

13  statement in the Kevin MacPherson Declaration showing that the sources of business

14  for Sky Mortgage comes from real estate agents and brokers (who presumably know

15  how to direct their clients to Sky Mortgage), and the other half comes from existing or

16  former customers (who presumably know how to find Sky Mortgage and not confuse it

17  with Sky Bank). Mr. Rerucha comments on the lack of advertising for Sky Mortgage

18  business as demonstrating that Sky Mortgage is well known to its customer base to the

19  point where it does not need to advertise. On the other hand, Sky Bank, being a newly

20  formed entity servicing many needs of the public, will advertise the specific nature of its

21  services to the public, further eliminating any risk of confusion between the two entities'

22  business activities. Rerucha, being a former mortgage broker himself, testifies that

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 8**
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  mortgage brokers operate very much like independent contractors who attempt to

2  establish their own personal client base through promoting their own name, rather than

3  the company name such as "Sky Mortgage". Given the type of business Sky Mortgage

4  depends on, the way that business is established on a personal level, the lack of

5  advertising and the fourth floor location of Sky Mortgage, and the huge difference in the

6  types of business to be conducted by Sky Bank and Sky Mortgage, the risk of confusion

7  does not exist.

8      Finally, Rerucha testifies that in his many years of experience in residential

9  mortgage lending and in banking in general, he knows that prospective borrowers for

10 residential mortgage loans are usually sophisticated people who are capable of having

11 assets and income sufficient to support a mortgage loan, who are able to read and

12 understand language, and who are heavily involved in paperwork leading up to

13 completion of a residential mortgage loan. Engaging in business with a provider of

14 residential mortgage loan services is not a "snap" decision". Rather, it is a decision that

15 is often protracted and entered into with care further eliminating the risk of customer

16 confusion.

17 4.    Declaration of Barry Thom:  Barry Thom, an employee of Pinnacle Mortgage,

18 anticipates joining Sky Bank when it is authorized to conduct business. Mr. Thom

19 disagrees with the Declaration of Mr. Jeff Tisdale submitted by Sky Mortgage.  Mr.

20 Thom states that his encounter with Mr. Tisdale at Home Deport in October of 2003,

21 was innocuous and did not result in any strong words or tension.

22

**REPLY OF DEFENDANTS TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**
**PAGE** 9
\\server1\F\JHC\Ptd\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1   Mr. Thom recounts that several days after his meeting with Mr. Tisdale, he had a

2   telephone call form him, where Mr. Tisdale wanted to know more particulars about the

3   future "Sky Bank". At that time, the conversation became somewhat heated. The

4   importance of Mr. Thom's Declaration lies in the fact that it was not until long after the

5   application process using the name Sky Bank had been underway, that the encounter

6   between Tisdale and Thom took place.

7   5.   Supplemental Declaration of Greg Schmidt: Greg Schmidt submitted a

8   declaration in support of the Sky Mortgage motion. Since Greg Schmidt is mutually

9   acquainted with both plaintiff and defendant in this case, Scott Rerucha contacted Mr.

10   Schmidt and told him what his declaration said, and asked Mr. Schmidt if he considered

11   that to be an accurate statement of events. Mr. Schmidt submitted a correcting

12   declaration as part of the Sky Bank material in which he described his conversation with

13   Scott Rerucha as inquiring whether Mr. Rerucha knew that there was a Sky Mortgage

14   and Mr. Rerucha responded "that is the first time I have heard of a Sky Mortgage.

15   Maybe they can work with me or we can work together."

16   Mr. Schmidt testifies in his supplemental declaration that he does not recall when

17   this conversation took place, and he specifically does not recall that it took place within

18   a month of the time that Mr. Rerucha left Bay Mortgage. He says he simply does not

19   know when the conversation took place. The importance of this declaration is that it

20   shows that Mr. Schmidt is unable to support the claim of Sky Mortgage that Sky Bank

21   proceeded in the face of knowledge of the existence of Sky Mortgage in the adoption of

22   the name of Sky Bank for its new banking organization.

REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 10
\\server1\FIJHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1                    **ARGUMENT/LEGAL AUTHORITY**

2    1.    <u>PRELIMINARY INJUNCTION STANDARDS ARE NOT MET HERE</u>.

3    Traditionally, a court may issue a preliminary injunction if it determines that (1) a

4    moving party will suffer irreparable injury if the relief is denied; (2) the moving party will

5    probably prevail on the merits; (3) the balance of potential harm favors the moving

6    party; and depending on the nature of the case, (4) the public interest favors relief.

7    <u>Cassim v. Bowen</u>, 824 Fed.2d 791, 795 (9th Cir.1987); <u>International Jensen Inc., v.</u>

8    <u>Metrosound USA, Inc.</u>, 4 Fed.3d 819 (9th Cir.1993).

9         Alternatively, a moving party may meet its burden by demonstrating *either*, (1) a

10   combination of probable success on the merits and the possibility of irreparable injury if

11   *relief is not granted; or (2) the existence of serious questions going to the merits and*

12   that the balance of hardships tips sharply in its favor. The alternative standards "are not

13   a separate test but the outer reaches of a single continuum." <u>Regents of University of</u>

14   <u>California v. American Broadcasting Company Cos.</u>, 747 Fed.2d 511, 515 (9th Cir.

15   1984).

16        Sky Mortgage fails to meet the standard of likelihood of success on the merits.

17   As will be demonstrated below, using the tests applicable to trademark/tradename

18   confusion claims, Sky Mortgage cannot show a likelihood of success on the merits.

19   Moreover, Sky Mortgage has failed to show any likelihood of irreparable harm, given the

20   nature of its niche "market" and its very limited "marketing channel" (a limited number of

21   privately contacted real estate agents and brokers, or former customers or referrals

22   from former customers).

**REPLY OF DEFENDANTS TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**
**PAGE** 11
\\server1\FU\HC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1    Sky Mortgage has also failed to demonstrate by any creditable evidence the

2  existence of a risk of loss of business when Sky Bank opens. Sky Mortgage simply fails

3  to show a likelihood of success on the merits in establishing a reasonable probability of

4  confusion in the applicable customer market of the names "Sky Bank" and "Sky

5  Mortgage".

6  2.    SUMMARY JUDGMENT STANDARDS CANNOT BE MET BY PLAINTIFF

7  HERE.  Given the paucity of evidence showing support for its propositions, Sky

8  Mortgage simply cannot show the absence of genuine issues of material fact.  Indeed,

9  Sky Bank has shown through creditable lay and expert witnesses that there is no

10  probability of success on the merits, and that genuine issues of material fact do exist as

11  to the likelihood or probability of confusion.  Application of the "*Sleekcraft*" principles

12  (below) demonstrates that summary judgment is inappropriate in this case on the facts

13  presented by the parties.

14  3.    APPLICATION OF THE "SLEEKCRAFT" GUIDELINES DOES NOT SUPPORT

15  THE RELIEF SOUGHT.  This court is not a stranger to trademark/tradename litigation

16  under the Federal Lanham Act, or Washington State law.  This court had occasion to

17  examine the "*Sleekcraft*" principles and apply them recently in *Playmakers v. ESPN,*

18  *Inc., 297 Fed.Supp.2d 127( W.D. Wash.2003).*

19    The eight-factor test for likelihood of confusion set out in *Sleekcraft* establishes

20  factors that are described as "pliant" in relation to relative importance.  The relative

21  importance of the individual factors will be case-specific.  *Brookfield Communications,*

22  *Inc. v. West Coast Entertainment Corporation, 174 Fed.3d 1036, 1053 (9th Cir. 1999).*

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE** 12
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  Analyzing the *Sleekcraft* factors here, demonstrates that the Sky Mortgage motion

2  should be denied.

3       A.    Strength of Senior Mark.  Establishing seniority of a mark (conceded here

4  by Sky Bank) is only half the battle.  The senior mark holder must also show that the

5  public is likely to be somehow confused about the services rendered by the two entities.

6  *Brookfield, supra, at p.1052.*  While the word "Sky" in relation to residential  mortgage

7  lending or commercial banking is fanciful, the frequency with which the word "Sky" is

8  found in business names in the State of Washington (Peterson Declaration, paragraph

9  16), 176 names in the State of Washington incorporating the word "Sky", suggests that

10  customers are not likely to view the word as so unique as to lead to one business only.

11  Extensive third-party use of the word "Sky" is impressive evidence that there would be

12  no likelihood of confusion.  *Sun Banks of Florida v. Sun Federal Savings and Loan*

13  *Association, 651 Fed.2d 311, 317 (5th Cir. 1981).*

14       While the word "Sky" may be strong, it is used in conjunction with either

15  "mortgage" or "bank" by the parties.  "Sky" itself is meaningless (therefore fanciful)

16  however, the following word aptly distinguishes the services performed.  As shown by

17  the Hebert Research survey results, the likelihood of confusion in the customer

18  marketplace is virtually nil.  As shown by the expert testimony of Erik Peterson, the

19  likelihood of confusion is slight to none.   Peterson notes that there are numerous banks

20  and mortgage companies in the yellow pages with similar names including, Cascade

21  Bank/Cascade Mortgage, City Bank/City Mortgage, Columbia Bank/Columbia Mortgage,

22  Evergreen Bank/Evergreen Moneysource Mortgage Company, Horizon Bank/Horizon

**REPLY OF DEFENDANTS TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**
**PAGE** 13
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  Mortgage & Investment Company, Pacific Northwest Bank/Pacific Northwest

2  Capital/Pacific Northwest Mortgage Services, Mount Rainier National Bank/Rainier

3  Mortgage Investment Corporation/Rainier Mortgage, Sterling Savings Bank/Sterling

4  Mortgage, United Savings & Loan Bank/United Mortgage, Viking Community

5  Bank/Viking Mortgage Services, Inc. These similar listings, along with the even greater

6  multitude of companies with "Sky" in their names, indicates that the name is weak and

7  does not hold up well. Seattle Endeavors, Inc. v. Mastro, 123 Wn.2d 339, 343, 345

8  (1994).

9         Take, for example, a well known company, Princess Cruise Lines, then suppose

10  that Foss Maritime elects to change its name to "Princess Tug and Barge Lines". Each

11  company name has the word "Princess" beginning the name, obviously a fanciful word.

12  However, can it be reasonably argued that a customer seeking cruise line services

13  would be confused by the existence of "Princess Tug and Barge"? The other way

14  around, could it reasonably be argued that a person or company seeking cargo hauling

15  business would look to "Princess Cruises" instead of "Princess Tug and Barge" for that

16  service? This example shows that while the first word in the name may be fanciful and

17  hence "strong", the context of the entire name can readily distinguish the businesses

18  involved and avoid customer confusion. That is the teaching of the survey of Hebert

19  Research, Inc. and the testimony of Erik V. Peterson. When two products are part of

20  distinct sectors of a broad product category, they can be sufficiently unrelated that

21  consumers are not likely to assume the product originate from the same mark.

22

**REPLY OF DEFENDANTS TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**
**PAGE** 14
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1    *Checkpoint Systems, Inc. v. Checkpoint Software Technologies, Inc..*, 269 Fed.3d 270,

2    286, 288 (2001).

3          By isolating the word "Sky" and treating it as the "mark", Sky Mortgage fails to

4    take into account the fact that its <u>entire</u> tradename readily distinguishes its services from

5    those of a commercial bank such as Sky Bank. As shown by the evidence offered by

6    Sky Bank in this proceeding, customer confusion between a mortgage company and a

7    commercial bank does not exist, even if preceded by the word "Sky". Historically, if a

8    person wants a residential real estate mortgage, do they call a mortgage company or do

9    they call a commercial bank? Conversely, if a person wants a commercial banking

10   service, do they call a mortgage company or a commercial bank? Failure of Sky

11   Mortgage to consider the <u>entire</u> tradename of both entities is fatal to its argument of

12   claimed seniority and strength. <u>MB Financial Bank, N.A. v. MB Real Estate Services,</u>

13   <u>LLC</u>, 2003 WL 21462501 (N.D.ILL.); <u>MB Financial Bank, N.A. v. MB Real Estate</u>

14   <u>Services, LLC</u>, 2003 WL 2765022 (N.D.ILL.)

15         B.    <u>Proximity Of The Services Is Not Established</u>. Sky Mortgage, by its own

16   admission, deals only in the brokering (not banking) of residential real estate

17   mortgages. It has a very limited market source or customer base, that of real estate

18   agents and brokers, and former customers and referrals. Sky Bank, on the other hand,

19   will provide a multitude of services, including residential mortgage services, but will not

20   have in its name, any specific reference to that component of its services. Market

21   testing and expert testimony presented by Sky Bank shows that the risk of confusion is

22   virtually zero. Sky Mortgage has relied simply on guess and conjecture. The <u>only</u>

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 15**
\\server1\FJHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23376.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  relation between the services offered by Sky Mortgage and Sky Bank is residential

2  mortgage services which are clearly identified in the Sky Mortgage name, and which are

3  not spoken to at all in the Sky Bank name.  Sky Bank will offer residential mortgage

4  services, but only as part of a much larger umbrella of services.  This minimal overlap

5  does not contribute to confusion.  MB Financial, 2003 WL 21462501 (N.D.ILL.), p. 12.

6         Market testing has shown that the services rendered by Sky Mortgage and to be

7  rendered by Sky Bank are not identical, and are not related in the minds of consumers.

8  Levi Strauss & Co., v. Bluebell, Inc., 778 Fed.2d 1352, 1363 (9th Cir. 1985).  The lack of

9  advertising effort by Sky Mortgage shows that it depends on a very narrow niche, and

10  that that niche will not be confused by the existence of a commercial bank known as

11  "Sky Bank".  The products offered by Sky Mortgage and Sky Bank only slightly overlap.

12  Given the plethora of banks and mortgage companies having the same fanciful name

13  and doing business side-by-side in King County, it is not surprising that Hebert

14  Research came up with the market study results it did.

15         The evidence at this stage of the proceedings simply cannot support a finding

16  that the goods and services offered by the plaintiff and defendant are sufficiently

17  "proximate" to justify emergency equitable injunctive relief.

18
        C.     The Similarity Of The Marks Is Slight.  The logos used by the two

19  companies are distinct and very different.  This can be seen from the Peterson

20  Declaration and the logos of Sky Bank and Sky Mortgage attached.  It is important to

21  remember that the marks must be considered in their entirety.  Playmakers, LLC v.

22

REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 16
\\server1\FJHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA  98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1 | ESPN, Inc., 297 F.Supp. 1277, 1282 (W.D. Wash. 2003).  This means looking at the
2 | name and the logo.

3

4 |     The name, as discussed above, while using "Sky" in both, totally distinguishes
the services offered by each.  One is offering "mortgages", the other is offering
5 | "banking".  Nothing in the name Sky Bank states or even infers that it deals in
6 | residential mortgages.  MB Financial Bank, 2003 WL 21462501 (N.D.ILL.), p. 12. This is
7 | true as to both the sight and sound of the names.

8 |     With respect to the logo, Sky Mortgage has a house profile interspersed in its
9 | name, Sky Bank has two half circles with polar arrows.  There is no visual identity in
10 | logos and no confusing identity in names when the logos and entire name are
11 | considered in the relevant marketplace.  As this court noted in Playmakers, while the
12 | names contained within the marks are somewhat similar the marks as used in the
13 | marketplace are very different.  See, Declaration of Erik V. Peterson.   It does not
14 | require a deconstructionist analysis of the logos to see that the marks are so visually
15 | different as to be readily distinguishable by even the most easily confused of individuals.

16 |     D.     There Is No Creditable Evidence Of Actual Confusion.  As noted above,
17 | the evidence of actual confusion consists of hearsay, speculation, conjecture, and is
18 | completely without foundation.  Defendant moves to strike the Declarations of
19 | MacPherson, Schmidt and Tisdale, insofar as each declaration testifies with respect to
20 | communications with third parties.  The foundation is simply insufficient.  Moreover, the
21 | speculation regarding the mis-addressed envelope is also fatally flawed and should be
22 | stricken by the court.

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE** 17
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1    A true test of confusion in the actual marketplace could only be had when Sky

2  Bank is in existence legally, operating, has phone listing and advertising, has an office,

3  has a sign on the building, and other indicia of existence.  The claimed "confusion"

4  attempted to be offered by Sky Mortgage in its declarations is so  minimal and

5  unsupportable as to deserve rejection as an element supporting its claim.  Evidence of

6  actual confusion should only be considered if it is supported at the summary judgment

7  stage by admissible evidence.  *Postscript Enterprises v. City of Bridgeton*, 905 Fed.2d

8  223, 226 (8*th* Cir. 1990); *Duluth News-Tribune v. Mesabi Publishing  Company*, 84

9  *Fed.3d 1093, 1099 (8th Cir. 1996)*.  The evidence claimed to support actual confusion in

10  the present case is inadmissible and should be rejected and defendant moves to strike

11  all testimony of claimed communications with declarants, either written or verbal, on that

12  basis.  *De-minimus* evidence of actual confusion does not establish the existence of a

13  genuine issue of material fact regarding likelihood of confusion.  Correspondingly,

14  evidence of de-minimus actual confusion should not carry the day for Sky Mortgage.

15  *Universal Money Centers, Inc. v. American Telephone & Telegraph Company*, 22

16  *Fed.3d 1527, 1536 (10th Cir. 1994)*.

17    E.    The Parties Use Or Intend To Use Different Marketing Channels.  In

18  paragraph 9 of the Kevin MacPherson Declaration, Sky Mortgage has identified its

19  marketing channels as being referrals from real estate brokers and agents (50%) and

20  former clients and referrals (50%).  Sky Mortgage has only a basic one line phone listing

21  in the white and yellow pages. Sky Bank, on the other hand, has testified through Scott

22  Rerucha, that its source of business will be advertising to the general public its services

---

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE** 18
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1   as a commercial bank. No evidence has been offered by Sky Mortgage of any efforts to

2   advertise to the public its name, other than the one line standard yellow page listing in

3   the Seattle and Bellevue phone books. Sky Mortgage has not presented any evidence

4   of efforts to promote widespread recognition of its name, and probably is unable to do

5   so.

6       F.    The Consumer Of Residential Mortgage And Commercial Banking Product

7   Is Sophisticated And Careful. There is no evidence presented that an ordinary person

8   having banking relationships or borrowing money for residential loans would be misled

9   by the names "Sky Mortgage" and "Sky Bank". The reverse is proven by the fact that

10  Hebert Research, Inc. has done a careful market survey according to all statistical

11  principles and has concluded that there is no risk of confusion. Erik Peterson, with

12  great experience in the advertising and public relations and marketing industry in this

13  area, similarly has opined that confusion will not arise in the consumers of the products

14  involved. Scott Rerucha, with 15 years of experience in banking and mortgage lending,

15  agrees that confusion will not arise.

16      People looking for residential mortgage loans have assets, have income, and are

17  able to fill out complicated loan application forms. Borrowing money for residential loan

18  purposes is not a "snap" decision. Borrowing money for residential loan purposes

19  requires substantial time and effort in forethought and careful form completion.

20      Users of commercial banking services are sufficiently sophisticated to have a

21  need for the services, either for business or personal purposes. They know how to

22  differentiate between companies. The multiple listings cited in the Declaration of Erik V.

---

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 19**
\\server1\FJHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  _Peterson_ attest to that. _MB Financial_, 2003 WL 21462501 (N.D.ILL.), p. 13.  _Sky Bank_

2  intends to focus on small business accounts and customers, but will engage in personal

3  banking services, including residential mortgage loans.  Nonetheless, the only evidence

4  presented to the court at this time that is not speculative and emotional, is the expert

5  testimony of Sky Bank witnesses to the effect that confusion will not be a problem for

6  the seeker of the services of the parties to this action.

7       G.    _Consumer Care_.  Looking at the "typical buyer" of the products or services

8  at issue, _Flieschmann Distilling Corp. v. Maier Brewing Company_, 314 Fed.2d 149, 156

9  (9th Cir. 1963), the likelihood of confusion does not exist.  The more expensive a good

10  or service, the more likely a consumer will be exercise a greater amount of care in

11  making the purchase.  _Sleekcraft_, 599 Fed.2d at 353.  The consumers of the products of

12  plaintiff and defendant in this case are likely to exercise to great care in choosing a

13  mortgage broker or in choosing a commercial banker.  The risk of sloppy, or snap, or

14  accidental decision making creating confusion in the consumer is non existent given the

15  quality of the consumer and the seriousness of the transaction involved.  _First Western_

16  _Savings Bank v. The First Western Bank of Sturgis_, 636 N.W. 2d 454 (S.D., 2001).

17       H.    _Scott Rerucha Did Not Act In Bad Faith In Selecting The Sky Bank Name._

18  The creditable evidence shows that Scott Rerucha selected the Sky Bank name prior to

19  any knowledge of the existence of Sky Mortgage.  Nonetheless, the selection of the

20  name is not so offensive to common standards as to suggest that, even had he known

21  of Sky Mortgage, Scott Rerucha would have been wrong to operate on the belief that

22  _there would be no infringement of the Sky Mortgage tradename by his use of Sky Bank._

REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 20
\\server1\FJHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378 003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA  98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1 | Market studies and expert opinion offered by Sky Bank in this proceeding support that

2 | reasonable conclusion.

3 |     I.    There Is No Professed Likelihood Of Expansion Of Sky Mortgage

4 | Services, And Non Are Planned In The Immediate Future For Sky Bank. There is no

5 | evidence of a plan of expansion of the services of either plaintiff or defendant. While

6 | both are located in Bellevue, each serves a much larger area of King, Pierce and

7 | Snohomish Counties. Should either expand, the marketplace can easily absorb the

8 | additional purveyor of the respective services, and the other factors analyzed

9 | demonstrate that confusion between the two services, even in an expanded area, would

10 | not exist.

11 | 4.    THE SURVEY EVIDENCE IS ADMISSIBLE AND CREDITABLE. The survey

12 | evidence offered by Hebert Research is admissible and is the type of evidence

13 | frequently used in tradename/trademark litigation. *Universal Money Centers, Inc. v.*

14 | *AT&T, supra, at p.1535; Coherent, Inc. v. Coherent Technologies, Inc.,* 935 Fed.2d

15 | 1122, 1126 (10th Cir. 1991). All of the necessary ingredients for the acceptance of the

16 | Hebert Research, Inc. survey evidence are present and established in this case. The

17 | survey was made according to statistical principles and was made in a non-skewed and

18 | unbiased fashion.

19 | **CONCLUSION**

20 |     As stated in *Brookfield Communications, Inc. v. West Coast Entertainment*

21 | *Corporation, supra, at 1054:*

22 |

**REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE** 21
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

| | |
|---|---|
| 1 | "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely |
| 2 | to confuse customers about the source of the products." |

3      Sky Mortgage has failed to establish that it is likely to be able to show a likelihood

4   of confusion, and therefore, the summary judgment and request for temporary injunction

5   must be denied. _Sardi's Restaurant Corp. v. Sardie,_ 755 Fed.2d 719, 723 (9th Cir.

6   _1985)._  Evidence of confusion, assuming any creditable evidence was offered by Sky

7   Mortgage, is so slight as to be immaterial.  Actual confusion is only material to the

8   outcome of a trademark/tradename dispute if evidence is presented of actual confusion

9   by an appreciable number of ordinary consumers.  _Duluth News-Tribune v. Mesabi_

10  _Publishing Company, supra, at 1100._  The sophistication of the customer class of both

11  businesses is such that confusion arising out of snap decisions is highly unlikely.

12     When considered as an entirety, "Sky Mortgage" and "Sky Bank" have

13  descriptive words that are sufficient to prevent confusion.  The word "Sky" is in both

14  names, but the words "Bank" and "Mortgage" readily and obviously distinguish the

15  services offered by the two entities.

| | |
|---|---|
| 16 | "Whether an addition is sufficient to prevent confusion in a particular instance depends upon the strength of the main |
| 17 | part of the mark and the distinctiveness of the additional feature." |
| 18 | |

3 Callmann, Law of Trademarks, Section 82.1(i) at 722.

19

20     In _MB Financial Bank v. MB Real Estate Services, LLC,_ 2003 WL 21462501 (ND

21  _Ill. 2003)_ the District Court faced many of the same arguments found in the present

22  case where the first portion of a name is identical, yet the remainder of the name is

dissimilar and the businesses operated by the two entities are only slightly related.  In

REPLY OF DEFENDANTS TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE 22
\\server1\FUHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA  98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1  that case, at page 12 of the decision, the court notes two other cases dealing with

2  banks having the same names with different modifiers. In both cases, the courts found

3  no confusion. See, <u>First Western Savings Bank v. The First Western Bank of Sturgis</u>,

4  636 N.W. 2d 454 (S.D., 2001); <u>Northern Trust Corp. v. Northern Bank & Trust Co.</u>, no.

5  89-3052-T, 1991 WL 346397 (D.Mass.1991). In the case cited, the court also found no

6  confusion in spite of the existence of "slight similarities" of the parties' services, the

7  court concluded that it did not think that the public would view the parties' services as

8  similar and that:

9      "Real Estates' argument that a consumer is not likely to walk
       into a Real Estate to cash a check or into Bank to have a
10      lease negotiated is well founded."

11  The <u>*MB Financial*</u> court concluded that the plaintiff, having established an area

12  and manner of concurrent use between the parties' marks, and that the mark was

13  strong, held that the plaintiff had failed to establish the remaining five factors in the

14  likelihood of confusion analysis. The case is a very interesting description of the

15  approach taken by a sister-court in the banking/real estate field. The <u>*MB Financial*</u>,

16  decision was affirmed by the District Court at 2003 Westlaw, 22765022, on November

17  21, 2003. On review, the District Court concluded that the factors offered to show

18  confusion were not persuasive and that preliminary injunctive relief should be denied

19  plaintiff. Like the decision of this court in <u>*Playmakers*</u>, the <u>*MB Financial*</u> decision is very

20  instructive and exhaustive on the issues and is closer in circumstance to the present

21  situation than those relied on by Sky Mortgage.

22

**REPLY OF DEFENDANTS TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**
**PAGE** 23
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

1    The preliminary injunction and summary judgment sought by Sky Mortgage on

2  both State and Federal grounds (the State grounds being equally unsupportable for the

3  reasons argued above, <u>NFL Properties, inc. v. Wichita Falls Sportswear, In.</u>, 532

4  F.Supp. 651 (W.D. Wash. 1982)) should be denied. In a court of law, creditable

5  evidence should always trump guess and conjecture. The case should proceed to trial

6  on all issues.

7    RESPECTFULLY SUBMITTED this 5 day of April, 2004.

8    OSERAN, HAHN, SPRING & WATTS, P.S.

9    By_____

10   JAMES H. CLARK, WSBA #18862
     Attorney for Defendant

11   OSERAN, HAHN, SPRING & WATTS, P.S.

12

13   By_____
     CHARLES E. WATTS, WSBA #2331

14   Attorney for Defendant

15

16

17

18

19

20

21

22

**REPLY OF DEFENDANTS TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**
**PAGE** 24
\\server1\F\JHC\Pld\Sky Bank\brief.doc 4/5/04 (c) #23378.003

OSERAN HAHN SPRING & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201